UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


United States of America,

                Plaintiff,                    Case No: 14-20281
                                              Honorable Victoria A. Roberts

v.

Scott Zaki,

                Defendant.

_____/

**ORDER**

## I.     Introduction

According to the indictment filed by the Government, Defendant Zaki involved

himself in an Eastern District of Michigan drug distribution organization.  Lately, Mr. Zaki

has filed numerous papers with the Court.  On October 16, 2014, the Court Clerk

received Zaki's request for three audio transcripts and two typed transcripts.  Zaki

amended this request to correct the date for one of the transcripts.  On October 20,

2014, Zaki filed a "Notice of Decision to Remove Counsel [and] Proceed without an

Attorney."  On the same day, he filed a "Motion for the Recusal of Judge Victoria A.

Roberts."  Then, on October 21, 2014, Zaki filed a "Motion to Object to and Dismiss

Indictment Without Prejudice."

The Court held an on the record pre-trial conference on October 27, 2014. At that

time, the Government made an oral Motion for a Competency Evaluation.

The Court makes the following rulings: (1) Notice to Remove Counsel Sanford A.

1

Schulman is **GRANTED**; (2) request for transcripts is **GRANTED**; (3) Motion to Proceed

without an Attorney and Motion to Object to and Dismiss Indictment Without Prejudice

are held in **ABEYANCE** pending a competency determination; (4) Motion for the

Recusal of Judge Victoria A. Roberts is **DENIED**; (5) Stipulated Order for Competency

Evaluation filed August 4, 2014, is **SUPERSEDED** by this Order; and (6) Government

motion for a competency evaluation is **GRANTED**.

## II.     Background

On July 28, 2014, Zaki's attorney, Sanford A. Schulman, filed a motion for a

psychological evaluation under 18 U.S.C. §4241 and §4247.  In support of the motion,

Schulman said Zaki has: (1) demonstrated an understanding of the nature of the

charges but may lack capacity to assist defense; (2) expressed significant anxiety and

experiences symptoms associated with post traumatic stress disorder; (3) agreed to

participate in a psychological evaluation; (4) engaged in erratic and unpredictable

conduct; and (5) given legal instructions regarding motions that may not be in his best

interest.

Schulman was specific that his motion was not based on Zaki's inability to

understand the nature of the proceedings.  He also said the motion was not notice of an

insanity defense.  Rather, he requested the psychological evaluation for the limited

purpose of determining whether Zaki is competent to assist in his own defense.

Shortly after the motion was filed, the parties submitted a Stipulated Order for

Competency Evaluation. The Order states that the Court found Zaki's health, the

circumstances of the offense, his general appearance, and his in court behavior warrant

an evaluation.  The Court ordered Zaki evaluated for competency at the facility where he is detained.

In his Second Motion for Pre-Trial Conference and Status Conference, Schulman says he met with Zaki who appeared to agree to participate in a psychiatric exam. However, when Dr. Jeffrey Wendt attempted to conduct an evaluation, Zaki refused to participate.  Dr. Wendt did not prepare a report or recommendation.

Schulman says Zaki instructed him not to file pre-trial motions.  Further, Zaki instructed him not to engage in pre-trial plea negotiations or proffers.  Schulman believes Zaki's conduct may not be in his best interest.

In his "Notice of Decision to Remove Counsel [and] Proceed without an Attorney,"  Zaki says he wants Schulman removed because Schulman violated his Sixth Amendment rights by improperly and ineffectively advising him.  Zaki says Schulman filed a motion for a competency evaluation which Zaki did not request.  He says there is no factual basis for a competency evaluation and it is against his best interest.  Zaki wants to represent himself.

Mr. Schulman is Zaki's second attorney.  Zaki's first attorney, Thomas W. Jakuc, withdrew from representation because of a total breakdown in the attorney-client relationship.

At the recent conference on the record, the Court heard additional comments from Zaki on his pending motions.

## III.   Discussion

### A.   Motion for Recusal

Under 28 U.S.C. 455, a federal judge is required to disqualify in any proceeding where impartiality might reasonably be questioned, or in other situations involving personal bias, prejudice, or a conflict of interest.  28 U.S.C. §455(a) and (b)(1)*; Gargallo v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 961 F.2d 1577, *5 1992 WL 99456 (6th Cir. May 12, 1992).  The standard for recusal is whether a reasonable person, knowing all the circumstances, would consider the judge impartial.  *United States v. Hurst*, 951 F.2d 1490, 1503 (6th Cir. 1991).

As grounds for the motion, Zaki says Judge Roberts "clearly sides herself with the prosecution."  Zaki says the Judge spoke "for the prosecution" at the July 24, 2014 status conference, when she said "Well I'm sure we'll have some motions to file in response..."  Zaki says this comment was made after defense counsel's statement that a motion would be filed by Monday.

The Court has not reviewed a transcript from that hearing, but if the Court used the term "we," it was meant generally.  The Court does not believe impartiality may be reasonably questioned based on one word.

Secondly, Zaki says the Court filed the Stipulated Order for Competency Evaluation without his knowledge.  Zaki says the grounds for the motion (mental health, circumstances of the offense, general appearance, and in court behavior) are improper.  Zaki says basing the determination on his general appearance is discrimination and amounts to profiling.  Zaki says his appearance, verbal communications, language

skills, and behavior since his arrest do not indicate a mental deficiency or inability to comprehend the alleged crime of January 7, 2014, the circumstances of the investigation, the indictment, or any inability to properly defend or assist in his defense. Zaki says the competency evaluation is a deliberate attempt to hamper his defense and delay his right to trial within seventy days under the Speedy Trial Act, 18 U.S.C.A. §§ 3161-7174.

Since Zaki denies that he agreed to a competency evaluation, and he requests Schulman's removal, this Order supercedes the Stipulated Order. The Court finds independent grounds warrant a psychological evaluation and competency hearing for Mr. Zaki.

Third, Zaki says Judge Roberts interrupted him in mid sentence during the July 24, 2014 status conference to explain to him the potential risks of self-representation. Zaki says Judge Roberts asked him questions regarding his education, understanding of criminal law, and the court system. Zaki says the questions about his competency would be better characterized as "testing" his competency.

The Court did interrupt Zaki during the July 24, 2014 status conference. The Court had just removed Thomas W. Jakuc as Zaki's attorney. The Court stopped Zaki from speaking because he was then not represented by counsel, and the Court was considering whether to appoint new counsel or standby counsel. The Court was concerned that Zaki might make incriminating statements. The Court's hesitation does not demonstrate impartiality or bias.

Fourth, Zaki says he obtained information from a July 8, 2014 phone call with the Federal Defender Office which suggested Judge Roberts requested Schulman to

represent Zaki.  Zaki says this information leads him to conclude that there is an "off the record" or personal relationship between Judge Roberts and Mr. Schulman.

The Court had nothing to do with the appointment of Mr. Schulman.  Schulman is a member of a panel of attorneys who have made themselves available to represent indigent defendants in criminal cases.  The Federal Defender Office has a process for selecting these attorneys; the Court was not involved.  Any contrary information that Zaki received was misinformation.

Finally, Zaki says Judge Roberts is biased.  Zaki alleges Judge Roberts violated the judicial code of conduct by being "completely ignorant and detached from her duty as a judicial officer."  Zaki says Judge Roberts violated his constitutional rights by entering an order for a competency evaluation.

Zaki seems to believe a conspiracy surrounded the entry of the order.  He says Judge Roberts joined "the prosecution and the attorney she hand picked."  However, Judge Roberts merely entered an order stipulated to by the parties, both represented by counsel.

Zaki provides no evidentiary support for his allegations of bias or impropriety; his Motion for the Recusal of Judge Victoria A. Roberts is **DENIED**.

## B.      Competency Evaluation

The conviction of a person while he is legally incompetent is unconstitutional. *Pate v. Robinson*, 383, U.S. 375, 378 (1966).  A motion to determine competency may be raised at any time after commencement of prosecution and prior to sentencing.  18 U.S.C.A. §4241(a).  The motion may be raised by the defendant, the Government's attorney, or by the Court itself on its own motion.  *Id*.  The Court shall grant the motion,

or order such hearing on its own, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." *Id.* The test is disjunctive, and a defendant is incompetent if he or she is unable to perform either function. *Determination of Mental Competency*, 1A Fed. Prac. & Proc. Crim. §208, n.13 (4th ed.).

There is no precise definition of reasonable cause in this context, but the Supreme Court held that "any significant doubt as to the defendant's competency requires a psychiatric or psychological competency evaluation." *United States v. Parks*, 198 F.3d 248 1999 WL 1045558 (6th Cir. Nov. 11, 1999) citing *Pate v. Robinson,* 283 U.S. 375, 385 (1966). "The determination of reasonable cause is left in large part to the discretion of the district court." *Harper v. Parker*, 177 F.3d 567, 571 (6th Cir. 1999).

The district judge may hold a hearing on the initial motion to determine if reasonable cause exists. *Determination of Mental Competency*, at 2. However, the statute does not require a hearing. *U.S. v. Jackson*, 179 F. App'x 921, *933 2006 WL 1208077 (6th Cir. May 4, 2006). The text of § 4241 contains no requirement that reasonable cause be satisfied by certain proof; representations by counsel have been held sufficient*. Id.*

Courts consider several factors when making this reasonable cause determination. In *United States v. Jackson*, the Sixth Circuit affirmed the magistrate judge's reasonable cause determination based on such factors as: (1) a motion by defense counsel for determination of mental competency to stand trial; (2)

7

representations by counsel that the motion was based on personal observations of defendant and conversations with defendant's mother and social worker; (3) representations by counsel that defendant had recently undergone evaluation and testing for mental illness; and (4) representations by counsel that defendant is currently taking medications consistent with a diagnoses of mental illness. *Id.*

The bar for incompetency is high. *United States v. Miller*, 531 F.3d 340, 350 (6th Cir. 2008). "It does not follow that because a person is mentally ill he is not competent to stand trial." *Id.* at 349 (finding that reasonable cause did not exist when defendant demonstrated that he could consult with his attorney and that he understood the nature of the proceedings); *United States v. Black*, 465 F. App'x 510, 513 2012 WL 695631 (6th Cir. Mar. 5, 2012) (insufficient evidence in the record for competency hearing when none of defendant's attorneys expressed doubt regarding his competence, the psychologist who examined Black found that he was competent to stand trial, and the record reflects that defendant, although showing signs of paranoia, understood the proceedings and was able to participate actively in his own defense).

Lawyers have a professional duty to question competency if they have a good faith doubt as to the defendant's competence. *U.S. v. Jackson*, 179 F.App'x at *933. The Sixth Circuit stated that decisions construing section 4241 "hold that once a motion is made pursuant to it, unless the motion is frivolous or is not made in good faith, the district judge must appoint a psychiatrist to examine the accused." *Id.* Even if the defendant requests an examination, the court has an independent obligation to determine reasonable cause before ordering an examination. *U.S. v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996).

At the pre-trial conference held on October 27, 2014, AUSA Bolling made an oral motion for the Government, requesting a competency determination under both prongs of §4241(a).  AUSA Bolling says the Government is unsure whether Zaki is able to understand the nature and consequences of the proceedings against him or able to assist properly in his defense.  Attorney Bolling based the motion on his own observations of Zaki as well as legal arguments in handwritten motions Zaki filed.  Attorney Bolling says the Government is prepared to offer a plea agreement to Zaki, and he questions whether Zaki has the ability to act in his own best interests and comprehend the substance of a plea agreement.

The Court finds the Government's motion is not frivolous and that it was made in good faith.

Additionally, some of Zaki's instructions to his attorney are concerning.  Zaki instructed counsel not to file pre-trial motions or engage in pre-trial plea negotiations or proffers.  The Court does not know whether these are sound decisions by Zaki; or, whether they spring from a mental disease or defect which inhibits his ability to properly assist in his defense.  But the Court does agree with counsel that these instructions may be adverse to Zaki's best interests.

The Court has also observed Zaki during court proceedings.  Zaki's behavior suggests that while he is a bright young man, he demonstrates an inability or unwillingness to listen.  At the October 27, 2014 hearing, Zaki constantly interrupted anyone who spoke, resisted rulings made by the Court, and turned to spectators in the Court to ask for their names and contact information.  Further, Zaki seems to believe quite strongly that a conspiracy exists between the Court, Mr. Schulman, and the

Government.

Based on its own observations, representations by attorneys, and the record as a whole, the Court finds reasonable cause to believe that Zaki may suffer from a mental disease or defect which renders him mentally incompetent to the extent that he may be unable to: (1) understand the nature and consequences of the proceedings against him; and (2) properly assist in his defense.  An evidentiary hearing is unnecessary; there is sufficient evidence as outlined to support reasonable cause for Mr. Zaki to submit to a competency evaluation.  Zaki's constitutional right to due process mandates an adequate process to determine his ability to stand trial.

The Court **GRANTS** the government's oral motion for a competency evaluation. Zaki must submit to a psychiatric or psychological examination by Jeffrey Wendt, PH.D., Forensic Psychologist, P.O. Box 26262, Lansing, Michigan, in the facility where Zaki is held.  Dr. Wendt must file a report with the Court.  Thereafter, the Court will hold a hearing to determine whether Zaki is able to stand trial and whether he is competent to proceed without an attorney.  The hearing must be conducted according to the provisions of §4247(d):

> At a hearing ordered pursuant to this chapter the person whose mental condition is the subject of the hearing shall be represented by counsel and, if he is financially unable to obtain adequate representation, counsel shall be appointed for him pursuant to section 3006A. The person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing.

Following the hearing, the Court will make a determination as to Zaki's competency.  18 U.S.C.A. §4241(d).

### C. Motion to Remove Counsel and Proceed Without an Attorney

#### 1. Notice Removing Counsel

It is clear that there has been a breakdown in communication between Mr. Zaki and Mr. Schulman.  Accordingly, Zaki's Notice of Decision to Remove Counsel Sanford A. Schulman is **GRANTED**.

#### 2. Motion to Proceed Without an Attorney

A defendant's waiver of his right to counsel must be knowingly and intelligently made.  *United States v. McDowell*, 814 F.2d 245, 248 (6th Cir. 1987).  The Sixth Circuit also recognizes that the "degree of competency required to waive counsel is 'vaguely higher' than the competency required to stand trial."  *Id.* at 250.  When there is reason for a court to doubt competency, the court should make a competency determination before finding the waiver of the Defendant's right to counsel is valid.  *United States v. Abdulmutallab*, 739 F.3d 891, 903 (6th Cir. 2014) (court did not err in refusing to conduct a competency hearing prior to allowing defendant to proceed *pro se* when neither the defendant's behavior in courtroom nor standby counsel's motion for a competency examination raised sufficient doubt as to competency).

It is unclear whether Zaki has the ability to knowingly and intelligently waive his right to counsel.  Depending on further inquiry, Zaki may be deemed able to represent himself.  Zaki's Motion to Proceed without an Attorney is held in **ABEYANCE** pending a competency determination.

### D. Motion to Dismiss Indictment

Zaki filed a Motion to Object to and Dismiss Indictment Without Prejudice.  The Government has not had an opportunity to respond.  This motion is held in **ABEYANCE**

11

pending a competency determination.

### E.    Transcript Request

On October 12, 2014, Zaki filed a request for audio and typed transcripts for July

3, 2014 and July 24, 2014.  He also requested an audio transcript for June 19, 2014.

Zaki amended this request to correct one of the dates.

At the October 27th hearing, the Court provided Zaki with a copy of the form and

written instructions on how to request transcripts.  The Court informed Zaki that during

his hearings a court reporter was present and, therefore, no audio transcripts are

available.  Zaki's request for Transcripts is **GRANTED**.

### F.    Speedy Trial Act

In his Motion for Recusal, Zaki raises a concern that the competency evaluation

is an attempt to delay his right to a trial within seventy days.

The Speedy Trial Act, 18 U.S.C.A. §§ 3161-3174, provides a seventy day period

from arraignment until commencement of trial.  A number of exclusions are set forth in

§3161(h).  These periods of delay are excluded in the seventy day calculation:

> (A) delay resulting from any proceeding, including any examinations, to
> determine the mental competency or physical capacity of the defendant;
>
> (C) delay resulting from any interlocutory appeal;
>
> (D) delay resulting from any pretrial motion, from the filing of the motion
> through the conclusion of the hearing on, or other prompt disposition of,
> such motion;
>
> (H) delay reasonably attributable to any period, not to exceed thirty days,
> during which any proceeding concerning the defendant is actually under
> advisement by the court.

One of these exclusions is any delay resulting from any proceeding - including

any examinations - to determine mental competency. §3161(h)(1)(A). Accordingly, the time between the filing of the Motion for Psychological Evaluation and the Stipulated Order is excluded delay. The clock remained stopped when the Stipulated Order was filed. This Order for a psychological examination and competency hearing supercedes the Stipulated Order and any additional delay falls within the statutory exclusion.

The fact that Zaki now says he never agreed to a psychological examination does not affect his rights under the Speedy Trial Act. A defendant cannot "rely on an alleged disagreement with his attorney regarding the efficacy of a mental competency exam, which is ultimately conducted in his best interest, to later challenge his indictment under the Speedy Trial Act on the basis of delays caused by the competency examination." *United States v. Murphy*, 241 F.3d 447, 455 (6th Cir. 2001).

In *Murphy*, the Sixth Circuit says every court that has decided the issue has held that §4247(b) does not limit the time period for a competency examination with respect to time calculations. *Id.* at 456. *See*, *United States v. Noone*, 913 F.2d 20, 25-27 (1st Cir. 1990) (exclusion of time begins when the motion to determine competency is filed and ends when competency is determined); *United States v. Vasquez*, 918 F.2d 329, 333 (2nd Cir. 1990) (ten month delay between motion for psychiatric exam and date court received competency report is excludable).

Since the Court believes further inquiry is necessary to determine Zaki's competence to stand trial, such evaluation does not violate Zaki's rights under the Speedy Trial Act.

IV.     **Conclusion**

13

The Court makes the following rulings: (1) Notice to Remove Counsel Sanford A.
Schulman is **GRANTED**; (2) request for transcripts is **GRANTED**; (3) Motion to Proceed
without an Attorney and Motion to Object to and Dismiss Indictment Without Prejudice
are held in **ABEYANCE** pending the competency determination; (4)  Motion for the
Recusal of Judge Victoria A. Roberts is **DENIED**; (5) Stipulated Order for Competency
Evaluation filed August 4, 2014 is **SUPERSEDED** by this Order; and (6) Government
motion for a competency evaluation is **GRANTED**.

     **IT IS ORDERED**.


                                      S/Victoria A. Roberts
                                      Victoria A. Roberts
                                      United States District Judge

Dated:  October 30, 2014

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Scott Zaki by electronic means or U.S. Mail on October 30, 2014.<br><br> S/Carol A. Pinegar<br>Deputy Clerk |