UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Scott Zaki,

    Defendant.

_____/

Case No: 14-20281
Honorable Victoria A. Roberts

**OPINION AND ORDER**

## I. INTRODUCTION

This matter is before the Court on the Government's Motion for Hearing On and Determination of Defendant's Mental Competency. The Court conducted a competency hearing on March 5, 2015. Brandon M. Bolling ("Mr. Bolling") appeared for the Government. Defendant Scott Zaki ("Zaki"), was represented by Henry M. Scharg ("Mr. Scharg").

In support of his motion, Mr. Bolling submitted the report of Dr. Jeffrey Wendt ("Dr. Wendt"), Psy. D., an independent forensic psychologist. Zaki presented on his own behalf and entered into evidence three incident reports from prison and part of the federal complaint filed against him.

## II. BACKGROUND

Zaki is charged in a superseding indictment with Conspiracy to Possess with Intent to Distribute Controlled Substances, pursuant to 21 U.S.C. § 846.

1

On July 28, 2014, Zaki's attorney, Sanford A. Schulman ("Schulman"), filed a motion for a psychological evaluation under 18 U.S.C. §4241 and §4247. Schulman requested the evaluation for the limited purpose of determining whether Zaki is competent to assist in his own defense. On August 4, 2014, the Court ordered that Zaki be evaluated by an expert; Dr. Wendt was appointed.

Zaki filed numerous papers with the Court and several requests for new counsel, resulting in a delay of proceedings. He has also sought recusal of the Court. On October 30, 2014, the Government made an oral motion for the Court to determine Zaki's competency which the Court granted on the same day.

A third attorney was appointed to represent Mr. Zaki on November 19, 2014.

Dr. Wendt met with Zaki on September 5, 2014 and January 13, 2015 to evaluate Zaki's competence. In a detailed report dated February 2, 2015, Dr. Wendt opined that Zaki is incompetent to stand trial.

## III.   ANALYSIS

At the competency hearing, "the person whose mental condition is the subject of the hearing shall be represented by counsel and . . . [t]he person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing. 18 U.S.C. §4247(d).

After a competency hearing, the court must, based on a "preponderance of the evidence," make a determination as to the defendant's competency to stand trial. 18 U.S.C. §4241(d). The court's determination is reviewable on appeal by a "clearly erroneous" standard. *U.S. v. Ford*, 184 F.3d 566, 581 (6th Cir. 1999); *U.S. v. Cook*, 356 F.3d 913 (8th Cir. 2004).

To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960). "A criminal defendant may not be tried unless he is competent." *Godinez v. Moran*, 509 U.S. 389, 396 (1993).

Defendant does not meet the *Dusky* criteria. A review of Dr. Wendt's psychological report, based on his evaluation of Zaki in prison, reveals the following:

1. Dr. Wendt opined that there is no information to suggest that Zaki meets the statutory criteria for intellectual disability. However, the available information suggests that Zaki suffers from symptoms of a significant mental illness that is currently inadequately treated, as evidenced by cognitive disorganization and psychotic symptoms.

2. Dr. Wendt considered offering an opinion that Zaki's stubborn and apparently unreasonable presentation in the past was volitional and not the product of mental disease or defect. However, as the evaluation progressed, Mr. Zaki's clinical presentation changed and Dr. Wendt's opinion evolved.

3. For example, Dr. Wendt thought that Zaki may have been exerting a considerable amount of mental effort to hold himself together at the beginning of the evaluation, but was unable to maintain this through the long interview process. Alternatively, Dr. Wendt thought Zaki may have intentionally feigned symptoms of mental illness in order to garner favorable treatment with the Court.

3

4.   Dr. Wendt considered the possibility that Zaki was malingering and exhibiting symptoms of mental illness for secondary gain. However, Dr. Wendt ultimately found the manifestation of Zaki's symptoms were inconsistent with that theory.

5.   Dr. Wendt reported Zaki had significant symptoms of anxiety that manifest in skin-picking compulsive behavior.

6.   Zaki, reporting on his behavior in prison, told Dr. Wendt that he has been written up in jail for indecent exposure, has gotten in trouble for arguing with jail staff, and had been in segregation due to his anxiety.

7.   Dr. Wendt estimated that Zaki has at least average intellect, a general fund of information and vocabulary, good recall for recent and remote events, and appeared to be in good contact with reality.

8.   Dr. Wendt reported that Zaki appeared to have significant trouble finding words, especially towards the end of the evaluation. For instance, towards the end of the interview, Zaki failed to respond verbally, only staring and making angry facial expressions. Zaki also bounced his leg throughout the interview.

9.   Zaki denied symptoms of mania, but appeared to experience pressured speech and irritability, potentially symptoms of hypomania.

10.  Zaki went back and forth about whether he would allow Dr. Wendt to perform a test on him. After more than an hour of testing, Dr. Wendt stopped the test. By then, Zaki had completed only one sixth of the items (an hour is adequate time for many to complete the test, says Dr. Wendt).

11.  Zaki produced a file containing poetry/raps he had written with the intention of performing these raps with famous women (Angelina Jolie, Kelly Rowland,

4

etc.). Zaki also indicated that God had facilitated mental communication between Zaki and a female sergeant at Sanilac County Jail.

12. When asked if he wanted to be determined incompetent to stand trial Zaki responded, "I'm intelligent, I don't have speech impediments. This is just what God needs right now for me and for his people. He chose me to be the one to come into existence because he knew he could see what time was going to do to me."

13. Dr. Wendt was unsure of the cause of Zaki's condition, but he opined that: (1) Zaki may have suffered brain damage from a head injury (Zaki reported being pistol whipped); (2) substance use could be the cause; or (3) Zaki has a long term undiagnosed mood disorder (e.g., Bipolar Disorder) exacerbated by stressful life circumstances.

14. Dr. Wendt found Zaki's symptoms to be valid and significant. Dr. Wendt also noted that Zaki's primary symptoms of mental illness were delusional beliefs and cognitive disorganization.

15. Dr. Wendt noted that during the early portion of the evaluation, Mr. Zaki was able to demonstrate an adequate understanding of court roles, rules, and procedures. However, Dr. Wendt found Zaki's understanding of the nature and severity of the charges against him was impaired. For example, when asked about his probability of being convicted, Zaki said, "There is no chance of me being convicted." Zaki also said, "The three attorneys [representing him] are going to be disbarred and face prison time for trying to confuse me and get me to plead guilty to my case and admit the charges." Zaki also claimed, "The

police misconduct alone dismisses the whole case. I'll get them for every little thing they did, the officers, the attorneys, the Judge, the deputies in the jails."

16. Dr. Wendt found the combination of the difficulties Zaki demonstrated in working with an attorney and his current indications of a psychotic condition would interfere with his adjudicative competence.

17. In summary, Dr. Wendt opined that likely due to an inadequately treated mental illness, Zaki is suffering from a mental disease or defect rendering him incompetent to the extent that he is unable to understand the nature and object of the proceedings against him or to assist properly in his defense.

In his summation, Mr. Bolling emphasized the parts of Dr. Wendt's report which focused on Zaki's delusions and inability to understand the nature of the proceedings against him.

Against this Courts' and his attorney's recommendation, Zaki made a presentation concerning his ability to understand the proceedings. He discussed the indictment and what he believed to be deficiencies in the complaint affidavit against him. He outlined what he believed to be perjured testimony before the Grand Jury and an illegal seizure of property. He says the police operated based on "mere suspicion." He says no criminal conduct was witnessed by any informant.

Zaki says that the proceedings have no merit. The Court asked Zaki why the other eight defendants pled to the charges if the case was without merit. Zaki responded that none of the other defendants understood the charges or the law; they had not looked into the background of the case as he had; and, they were scared not to take a plea deal.

6

"The test for a defendant's competency to stand trial is whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Mallet v. U.S.*, 334 F.3d 491, 494-495 (6th Cir. 2003) (quoting *Dusky*, 362 U.S. at 402). "It is not enough that the defendant is oriented to time and place and has some recollection of events." *Dusky*, 362 U.S. at 402.

By a preponderance of the evidence, the Court finds that Zaki does have a factual understanding of the proceedings against him. While Mr. Zaki was able to provide Dr. Wendt with an account of the events and accurately describe the roles of the various parties involved in a court proceeding, he has substantial impairments in his present ability to consult with and assist counsel with a reasonable degree of rational understanding; he also lacks a rational understanding of the proceedings. Psychological testing showed severe to very extreme impairments in both areas.

Zaki's inability to consult with and assist three attorneys, thus far, is further evidence of impairment. He also wants to represent himself at trial. So long as Zaki's impairments persist and go untreated, the Court finds that he will be unable to reasonably assist an attorney in his defense or to represent himself at trial.

## IV. CONCLUSION

Based upon: (1) the report of Dr. Wendt; (2) the presentation by Mr. Zaki; (3) the argument of Mr. Bolling; and, (4) the Court's own observations of Mr. Zaki, the Court determines that Mr. Zaki is **INCOMPETENT** to stand trial.

Pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, the Court commits Mr. Zaki to the custody of the Attorney General for hospitalization

7

and treatment at a suitable facility, for a period not to exceed four months, for the purpose of determining whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceeding to go forward. 18 U.S.C. §4241(d)(1); 18 U.S.C. §4247(i)(A).

Within this four-month period of time, the Attorney General must advise the Court whether Mr. Zaki's mental condition has so improved that trial may proceed. After the Court receives that report, Mr. Zaki must be returned to the Court for a status conference and further determination of competency.

The Court orders that the United States Marshal's Service promptly and expeditiously transfer Mr. Zaki to a suitable facility, to be determined by the Attorney General. The United States Marshal's Service must do this as quickly as possible so as to minimize the period during which Mr. Zaki must travel to, be confined in, and be returned from the facility where such treatment will be conducted.

From the filing date of the Order for Competency Evaluation [Doc. #179] through and including the date on which a final determination is made regarding whether Mr. Zaki has regained his competency to stand trial, this time period is excluded under the Speedy Trial Act pursuant to the terms of 18 U.S.C. § 3161(h)(1)(A) and (h)(4).

IT IS ORDERED.

      /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 6, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record and Scott Zaki, #50157-039 at 570 Clinton Street, Detroit, Michigan 48226 and 65 North Elk Road, Sandusky, MI 48471 by electronic means or U.S. Mail on March 6, 2015.

s/Linda Vertriest
Deputy Clerk